IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDREW CHARLES JACKSON,

        Petitioner,

v.                                                 Civil Action No. 3:05-CV-110
                                                   Criminal Action No. 3:00CR6 and 46

UNITED STATES OF AMERICA,           (JUDGE BAILEY)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT § 2255 MOTION BE DENIED

### I. INTRODUCTION

On October 11, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On November 3, 2005, petitioner filed a motion for leave to amend his § 2255 motion and a memorandum in support. The Government filed its response April 17, 2006. Petitioner filed a response in opposition of Government's reply on June 19, 2006. The Government filed a response to petitioner's response in opposition of Government's reply on July 17, 2006. Petitioner filed a request for leave of Court to file a Supplemental Brief on his § 2255 motion on April 17, 2007.

### II. FACTS

A. **Conviction and Sentence**

Petitioner was named in a thirteen count indictment filed on January 20, 2000 in the Northern District of West Virginia. Petitioner was charged with conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (Count 1); a conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 2), the killing of Vatressa Miller in

1

furtherance of the CCE in violation of 21 U.S.C. § 848(e)(1)(A) (Count 3); distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 6, 9, 10); the use and carrying of a firearm during and in relation to trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5). On August 3, 2000, a second indictment was returned charging petitioner with a crack cocaine conspiracy.

On January 23, 2002, Petitioner was convicted by a jury on all counts on both indictments. On June 21, 2002, Petitioner was sentenced to life in prison for Count 1; life in prison concurrent for Count 3; 240 months concurrent for Count 4; five years consecutive to Count 1 for Count 5; 240 months concurrent for Count 6; 240 months concurrent for Count 9; 240 months concurrent for Count 10. The conviction for Count 1 in indictment 3:00-cr-06-01 was vacated.

**B.** <u>**Appeal**</u>

On June 28, 2002, petitioner filed a notice of appeal. On March 15, 2004, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on October 4, 2004.

**C.** <u>**Federal Habeas Corpus**</u>

The petitioner asserts the following grounds for relief:

1. There was insufficient evidence to support his conviction under 21 U.S.C. § 848 (Continuing Criminal Enterprise) because the evidence did not prove that he was an organizer, supervisor and manager of five or more persons. Accordingly, his conviction under § 848 should be set aside.

2. There was insufficient evidence to support his conviction under 21 U.S.C. § 848 (Continuing Criminal Enterprise) because the evidence did not prove that he received substantial resources from his criminal enterprise. Accordingly, his conviction under § 848 should be set aside.

3. There was insufficient evidence to support his conviction under 21 U.S.C. § 848 (Continuing Criminal Enterprise) because the evidence did not prove that he was involved with 300 times the quantity of controlled substances as set forth in 21 U.S.C. § 841(b)(1)(A) and (B). Accordingly, his conviction under § 848 should be set aside.

4. Petitioner's counsel was ineffective for failing to object at the trial to the hearsay testimony of Flora Rays, a witness for the United States.

5. In the amended motion dated 10/28/05, Petitioner, for the first time, claims his sentence was imposed in violation of constitutional requirements set forth in <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>.

In its response to the Petitioner's motion, the Government asserts:

1. The first three grounds are non-constitutional claims that were available to petitioner and could have been raised on direct appeal, but were not. Accordingly, Petitioner is procedurally barred from raising these three claims in a collateral attack.

2. Even if Petitioner can successfully characterize the three claims as constitutional by referencing the Sixth Amendment right to a jury trial, Petitioner failed to show "cause" and "prejudice" as required for proceeding on a § 2255 motion.

3. Petitioner's three challenges to the sufficiency of the evidence fail because Petitioner failed to establish that "the evidence adduced at trial could [not] support any rational determination of guilty beyond a reasonable doubt."

4. Petitioner's counsel was not ineffective in failing to raise the three substantive issues claiming insufficient evidence, because such an argument would not have been legally and factually supportable.

5. The "300 times" applies only to Section 841(b)(1)(B) and not 841(b)(1)(A) as suggested by Petitioner. Furthermore, 5 grams of crack cocaine times 300 is 1500 grams. The United States would submit that 1500 grams is 1.5 kilograms. Based upon the trial testimony, petitioner's relevant conduct was found by the court to be between 8,605.071 grams and 9,498.065 grams of crack cocaine, which far exceeds the 300 times for 841(b)(1)(B).

6. The out-of-court statements testified to by Flora Rays were actually statements made by coconspirators and therefore not hearsay.

7. Because Petitioner's sentence was not on direct appeal at the time of the Booker decision, Petitioner cannot now take advantage of those rulings through collateral review.

**D.  Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because claims 1-3 were procedurally defaulted and are without merit; claim 4 is without merit; and the fifth claim is untimely and without merit.

### III.  ANALYSIS

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought

pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

A. **Procedural Default**

Before evaluating the merits of Petitioner's claims, this Court must first determine which of Petitioner's claims he may bring in a § 2255 motion and which claims he has "procedurally defaulted" on by failing to raise them in direct appeal. It is well settled that non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). This is because "a final judgment commands respect" such that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Examples of such "procedurally defaulted" issues include, generally, errors of law committed by the trial court and, specifically, "the existence of evidence to support any conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross jurisdictional lines." Sunal, 332 U.S. at 179.

In contrast to nonconstitutional issues, constitutional issues that were capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged errors. United States v. Maybeck, 23 F.3d 888, 891 (1994). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and

5

substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986).

Petitioner's claim alleging insufficiency of evidence raises a constitutional issue - namely his Fourteenth Amendment right to due process - and therefore may be raised in his §2255 motion. See Jackson v. Virginia, 443 U.S. 307, 321 (1979). Petitioner is nevertheless required, however, to show "cause" and "prejudice," as explained above. See Maybeck, 23 F.3d at 891. Petitioner's claim alleging ineffective assistance of counsel may similarly be raised in a §2255 motion, regardless of whether the issue was raised on direct appeal and regardless of a showing of "cause" and "prejudice." See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**B.     Claims 1 - 3**

In claims 1-3, Petitioner alleges there was insufficient evidence to sustain his conviction under § 848. Specifically, he alleges the government failed to prove beyond a reasonable doubt that he acted in concert with five or more persons while holding the role of an organizer, supervisor, or position of management; that he received substantial resources from his criminal enterprises; and that the crime involved more than 300 times the quantity of controlled substances set forth in § 841(b)(1)(A) and (B).

This court first examines whether Petitioner has made the required "cause" and "prejudice" showing as to why he did not raise these constitutional issues on direct appeal and how he was prejudiced by the alleged insufficiency of the evidence. See Maybeck, 23 F.3d at 891. As to the required "cause" showing, Petitioner claims the issues were not raised on direct appeal because of ineffective assistance of counsel. The Supreme Court, in Edwards v.

Carpenter, 529 U.S. 446 (2000), examined a similar claim of "cause" in a state petitioner's federal habeas petition and held that such a claim will not suffice for "cause" unless the petitioner can show "cause" and "prejudice" for failing to raise the ineffective assistance of counsel claim itself. Petitioner has failed to make such a showing here. Accordingly, this Court finds the "cause" requirement has not been met. As to the required "prejudice" showing - namely that Petitioner was actually and substantially disadvantaged as opposed to merely made susceptible to a possibility of prejudice, see Satcher v. Pruett, 126 F.3d at 572 - this Court finds that being convicted on insufficient evidence, if true, exposes Petitioner to a substantial disadvantage.

Assuming Petitioner met both the "cause" and "prejudice" requirements, the Court examines the merits of Petitioner's claims as to the insufficiency of evidence. In reviewing whether Petitioner was convicted based on insufficient evidence, the Court must view the record in the light most favorable to the prosecution and determine whether "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. As explained by the Court in Jackson, "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. In support of his claims, Petitioner directs the court's attention to extensive portions of trial testimony. After considering the evidence offered by Petitioner, the court finds that Petitioner has failed to show that no rational trier of fact could have found beyond a reasonable doubt that he acted in concert with five or more persons while holding the role of an organizer, supervisor, or position of management; that he received substantial resources from his criminal enterprises; and that the crime involved more than 300 times the quantity of controlled substances set forth in §

7

841(b)(1)(B).[1] Multiple witnesses testified to their drug dealings with Petitioner and co-defendant West. Furthermore, multiple witnesses testified to the association between Petitioner and co-defendant West as well as Petitioner's gains from his drug dealings. Although Petitioner argues that witnesses may have lied about the association between him and co-defendant West, the Court is bound by the "credibility choices of the jury" and therefore will not engage in re-evaluating the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 62 (4th Cir. 1989), relying on United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

**C.     Claim 4**

In claim four, petitioner contends that his trial counsel was ineffective for failing to object to testimony during trial. Specifically, Petitioner alleges his counsel should have objected to Flora Ray's testimony regarding statements made to her by co-defendants Casey Holt and Kenyon West. Petitioner argues his counsel's failure to object to her testimony constitutes ineffective assistance of counsel.

Counsel's conduct is measured under the two-part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of competence. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judiciary scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

---

[1] 21 U.S.C. §848(b) provides for life imprisonment if the government proves, amongst other elements, that the criminal enterprise "involved at least 300 times the quantity of a substance described in subsection 401(b)(1)(B) of this Act [21 USCS § 841(b)(1)(B)] . . . ." Because the statute cites to only 21 U.S.C. § 841(b)(1) subsection (B), not (A), Petitioner is mistaken in referencing subsection (A) in his argument. Accordingly, this court references only subsection (B) in its analysis above.

Second, Petitioner must show he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Based on the above standards, the Court finds Petitioner failed to prove his counsel's conduct fell below an objective standard of competence. Because Holt and Kenyon were co-conspirators of Petitioner, their out-of-court statements, as testified to by Flora Ray, were "party admissions" within the meaning of Rule 801(d)(2) of the Federal Rules of Evidence. Accordingly, Petitioner's counsel was not incompetent for failing to object to Flora Ray's testimony and therefore Petitioner's ineffective assistance of counsel claim fails.

In attempting to prove deficiency on his counsel's part, Petitioner relies on Crawford v. Washington, 541 U.S. 36 (2004), to assert that his trial counsel failed to raise the issue of hearsay testimony being introduced during trial, depriving him of his right to confront and cross-examine the witness. Petitioner's understanding of Crawford and what constitutes hearsay is mistaken. Crawford establishes that out-of-court statements that are testimonial in nature are inadmissible unless the declarant is available for confrontation and cross-examination. Id. at 52. In the instant case, the statements were made by coconspirators, all of whom testified at trial, and could have been cross-examined by Petitioner. Therefore, Petitioner's argument under Crawford is without merit.

**D.     Claim 5**

In claim five, Petitioner alleges the factors used to enhance his sentence, including his role in the offense and the drug type and quantity, were required to be submitted to a jury and found beyond a reasonable doubt.  Petitioner argues that because the factors were not submitted and proven as required, but were merely presented to the sentencing judge for his consideration, he unconstitutionally received a life sentence as opposed to the 20 year maximum for each offense had drug quantity not been considered.  Petitioner alleges that because of this error, his sentence is unconstitutional and he must be resentenced.

Before analyzing the merits of Petitioner's claim, the Court finds that Petitioner's claim is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA).  Petitioner raised his fifth claim in an amended § 2255 motion.  His motion to amend was dated October 28, 2005 and filed November 3, 2005, before the government filed a responsive pleading.  However, October 4, 2005 was one year after his conviction became final.  Therefore, the amended petition was not filed within the one year limitation period.  Because leave to amend is freely given where the amendment is filed before a responsive pleading is served, Petitioner's motion to amend should be granted.  See Fed.R.Civ.P 15(a).  However, because his fifth claim does not "relate back" to the original motion, it falls outside of the one-year statute of limitations and is time barred.. Pursuant to Rule 15(c), untimely claims raised in an amendment "relate back" to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2).  The Supreme Court held that "relation back" is proper only where "the original and amended petitions state claims that are tied to a common core of operative facts."  Mayle v. Felix**,** 545 U.S. 644, 664 (2005).

Petitioner's original motion involved facts relating to the sufficiency of evidence and effectiveness of counsel. His fifth claim involves facts relating to his sentence. These claims are not "tied to a common core of operative facts" and thus "relation back" is not proper.

In the event the District Court disagrees with the Court's findings as to "relation back," the Court finds that Petitioner's claim lacks merit. In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In June of 2004, the Supreme Court applied this ruling to the State of Washington's sentencing scheme and found that the imposition of state sentencing enhancements - based solely on factual findings by the court - violated a defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted by the defendant nor found by a jury. See <u>Blakely v. Washington</u>, 542 U.S. 296, 301-303 (2004). The Court in <u>Blakely</u> expressly noted that it was not considering the constitutionality of the federal sentencing guidelines. <u>Id.</u> at 305, n 9. Subsequently, however, the Supreme Court took up this issue in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applies to the federal sentencing guidelines, and therefore the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone. <u>Booker</u>, 543 U.S. at 243. Additionally, the Court held that two provisions of the statute creating the guidelines system must be excised to make them compatible with the Sixth Amendment, thereby rendering the guidelines advisory. <u>Id.</u> at 258-261.

Petitioner argues that Booker, as an extension of the Supreme Court's prior cases, entitles him to relief from an unconstitutionally enhanced sentence. However, this claim is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Fourth Circuit found that Booker has not been made retroactively applicable to cases on collateral review. Id. at 72. Thus, Booker is inapplicable to cases that became final prior to the issuance of the Supreme Court's decision in that case. Id. Petitioners' conviction was affirmed on appeal on March 15, 2004. Petitioner petitioned the Supreme Court for a writ of certiorari, which was denied on October 4, 2004. Petitioner's judgment therefore became final on October 4, 2004. Booker was decided on January 12, 2005. Booker is not available to Petitioner on collateral review. For these reasons, Petitioner's fifth claim fails.

## IV. Other Matters

A.   Petitioner's Motion to Amend is granted as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

B.   Petitioner's Motion to file a Supplemental Brief is granted.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 17, 2007

                                        /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE