**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANDREW CHARLES JACKSON,**

> **Petitioner,**

**v.**                                                      **Civil Action No.    3:05CV110
                                                        Crim. Action No.    3:00CR6
                                                        Crim. Action No.    3:00CR46
                                                        (BAILEY)**

**UNITED STATES OF AMERICA,**

> **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 6) and the petitioner's corresponding objections (Civ. Doc. 7). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be

reviewed for clear error.   As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 494; Civ. Doc. 6)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows.   On January 20, 2000, petitioner was named in a 13 count indictment charging him with conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, conspiring to distribute cocaine base in violation of 21 U.S.C. § 846, distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and killing Vatressa Miller in furtherance of a CCE in violation of 21 U.S.C. § 848(e)(1)(A).   Thereafter, on August 3, 2000, petitioner was named in a second indictment charging him with conspiring to distribute cocaine base.   At trial, the jury convicted the petitioner on all counts.   As a result, the Court sentenced petitioner to life in prison.   Subsequently, petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his sentence and conviction on March 15, 2004.   Consequently, petitioner unsuccessfully petitioned the United States Supreme Court for a writ of certiorari.

On October 11, 2002, the petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1).   In support, petitioner argues that there was insufficient evidence to support his conviction for conducting a CCE in violation of 21 U.S.C. § 848, and that trial counsel was ineffective for failing to object to the hearsay testimony of Flora Rays and Kenyon West.   Thereafter, on April 17, 2007, petitioner filed an amended petition alleging that the imposition of his sentence violated the principles

announced by the United States Supreme Court in **United States v. Booker**, 543 U.S. 220 (2005). In response, the United States contends that petitioner's challenges to the sufficiency of the evidence are barred, as they could have been, but were not, raised on direct appeal. In the alternative, the government argues that the petitioner has failed to make the requisite showing to disturb the jury's verdict on sufficiency grounds. Further, the Untied States argues that trial counsel was not ineffective as petitioner's alleged errors stem from a misunderstanding of the law. As a final matter, the government asserts that petitioner's reliance on **Booker** is misplaced, as his appeal was not pending at the time the decision was rendered.

Upon consideration, the Magistrate Judge found that the petitioner's challenges to the sufficiency of the evidence were both procedurally defaulted and without merit. In addition, the Magistrate Judge determined that trial counsel's performance did not fall below an objected standard of reasonableness, and as such, could not be considered ineffective. As a final matter, the Magistrate Judge concluded that, in light of the Fourth Circuit's holding in **United States v. Morris**, 429 U.S. F.3d 65 (4th Cir. 2005), **Booker** is unavailable to petitioner on collateral review. In response, petitioner objects that, pursuant to **Massaro v. United States**, 538 U.S. 500 (2003), claims for ineffective assistance may be brought on collateral review whether or not the claim could have been raised on direct appeal. Additionally, the petitioner reasserts that his Sixth Amendment right to trial by jury was infringed because there was insufficient evidence to show that he supervised five or more persons. Furthermore, petitioner alleges that the jury did not unanimously agree that he received substantial resources from his criminal enterprise. Lastly, petitioner reasserts

that his conviction should be set aside as it was the trial judge and not the jury that determined the drug quantity involved.

As an initial matter, the Court concurs with the finding of the Magistrate Judge, that petitioner's challenges to the sufficiency of the evidence are procedurally barred. In the context of a collateral proceeding, constitutional issues that could have been, but were not, raised on direct appeal may still be brought where the petitioner demonstrates "cause," that excuses his procedural default, and "actual prejudice" resulting from the alleged errors. ***United States v. Maybeck***, 23 F.3d 888, 891 (4th Cir. 1994). In the case at bar, petitioner alleges that counsel was ineffective in failing to raise the sufficiency challenges on direct appeal, thereby providing him with cause to excuse his procedural default. However, as properly noted by the Magistrate Judge, in the situation at hand, petitioner must establish both cause and actual prejudice for failing to raise the ineffective assistance of counsel claim itself. ***Edwards v. Carpenter***, 529 U.S. 446 (2000). Here, rather than alleging cause, petitioner relies on ***Massaro*** for the proposition that claims for ineffective assistance may be brought on collateral review whether or not the claim could have been raised on direct appeal. While petitioner is correct in his contention that a claim for ineffective assistance of counsel may be brought for the first time on collateral review, it does not follow that petitioner may bootstrap arguments that should have been brought on direct appeal to such a claim. Despite the fact that petitioner has not established cause for failing to bring his sufficiency challenges on direct appeal, in the interests of completeness, the Court will now address the merits petitioner's claims.

In substance, petitioner claims that there was insufficient evidence to sustain his

conviction because the government failed to prove beyond a reasonable doubt that he acted in concert with five or more persons as an organizer or supervisor, that he received substantial resources from his criminal enterprises, and that the crimes involved more than 300 times the quantity of controlled substances set forth in §§ 841(b)(1)(A)-(B). In order to set aside a jury verdict as being based on insufficient evidence, the Court must determine whether, when viewing the record in the light most favorable to the prosecution, "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). After a thorough review of the record, the Court concurs with the finding of the Magistrate Judge, that the petitioner has failed to met this burden. In short, multiple witnesses testified to their dealings with petitioner and his co-defendant, to the relationship between the petitioner and his co-defendant, and to petitioner's gains from his criminal conduct. The mere fact that petitioner asserts that these witnesses lied is insufficient to disturb the credibility determinations made by the jurors. *See United States v. Saunders*, 886 F.2d 56, 62 (4th Cir. 1989). As such, petitioner's claims that there is not sufficient evidence to support his conviction and sentence are without merit.

Similarly, petitioner's claim that trial counsel was ineffective is equally without merit. Specifically, petitioner contends that trial counsel was ineffective for failing to object to purported hearsay statements made by co-defendants Flora Ray and Kenyon West during their testimony. In *Strickland v. Washington*, 466 U.S. 688 (984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under *Strickland*, the defendant must first show that his counsel's

performance "fell well below an objective standard of reasonableness." *Id.* at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. *Id.* at 687. Turning to the case at bar, because trial counsel's performance fell within the objective standard of reasonableness contemplated by *Strickland*, petitioner's claim is without merit. In particular, trial counsel's decision not to object to the statements at issue was not error because such statements were properly admissible as those made by co-conspirators during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(e). Therefore, petitioner's claim that he suffered from ineffective assistance of counsel is without merit.

As a final matter, petitioner's argument that *Booker* affords him relief from his unconstitutionally enhanced sentenced must also fail. Specifically, petitioner contends that factors used to enhance his sentence, including his role in the offense, should have been submitted to a jury. However, pursuant to *United States v. Morris*, 429 U.S. F.3d 65 (4th Cir. 2005), *Booker* is not retroactively applicable to cases on collateral review. Therefore, because petitioner's judgment became final on October 4, 2005, petitioner's claim is without merit.

In addition to the above, on May 22, 2008, following the filing of his objections to the Report and Recommendation, petitioner filed a Motion to Amend the Petition (Crim. Doc. 509) and a Motion for Preliminary Injunction (Crim. Doc. 511). In the Motion to Amend (Crim. Doc. 509), petitioner seeks a second amendment to his petition, in the interests of justice, in order to raise an additional fourteen grounds, most of which are unidentified.

Further, it bears mention that the petitioner has failed to even assert the factual predicates capable of sustaining his additional fourteen grounds for relief at any previous point in these proceedings or in his direct appeal. Therefore, because petitioner has failed muster more than bald assertions as to the viability of his claims, most of which remain unidentified, the Court finds that interests of justice require that petitioner's **Motion to Amend the Petition (Crim. Doc. 509) be DENIED**. Similarly, petitioner's **Motion for Preliminary Injunction (Crim. Doc. 511)** is also **DENIED** as petitioner has failed to establish that he is entitled to the requested relief.

For the foregoing reasons, and those more fully stated in the Report and Recommendation of the Magistrate Judge (Crim. Doc. 494), the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 494; Civ. Doc. 6)** is **ORDERED ADOPTED**;

2. That the **Petition for Writ of Habeas Corpus (Crim. Doc. 475; Civ. Doc. 1) is DENIED;**

3. That **Petitioner's Motion to Amend (Crim. Doc. 509) is DENIED; and**

4. That **Petitioner's Motion for Preliminary Injunction (Crim. Doc. 511) is DENIED.**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated:  May 29, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE