**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANDREW CHARLES JACKSON,**

    Petitioner

v.                                           **CIVIL ACTION NO. 3:13-CV-26
CRIMINAL ACTION NO. 3:00-CR-6-1
(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 3, 2013 [Civ. Doc. 6; Cr. Doc. 608]. In that filing, the magistrate judge recommended that this Court deny with prejudice the petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Civ. Doc. 1; Cr. Doc. 600] as untimely and for lack of jurisdiction as a second or successive motion for which the petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file [Civ. Doc. 6 at 6; Cr. Doc. 608 at 6].

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Although the docket sheet does not reflect the date of service; the website for the United States Postal Service reflects that service of the R&R, which was mailed under certified mail item number 7011 0470 0002 0396 1313, was accepted on April 9, 2013. On April 15, 2013, this Court received a *pro se* motion from the petitioner stating that he "would like to withdraw motion 3:13cv26 off the docket without prejudice" [Civ. Doc. 7; Cr. Doc. 610]. In this motion, the petitioner does not include any reference to the magistrate judge's R&R or any objection to the magistrate judge's conclusion that his petition should be dismissed with prejudice [*See id.*]. Furthermore, the petitioner never filed any additional documents containing any objections to the magistrate judge's R&R. As such, to date, no objections have been filed.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 6; Cr. Doc. 608]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court **DISMISSES with prejudice** the petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 **[Civ. Doc.**

**1; Cr. Doc. 600]** as untimely and for lack of jurisdiction as a second or successive motion for which the petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file. Furthermore, the petitioner's April 1, 2013, Application to Proceed *In Forma Pauperis* **[Cr. Doc. 607]** and the petitioner's April 15, 2013, *pro se* Motion to Withdraw **[Civ. Doc. 7; Cr. Doc. 610]** are hereby **DENIED as moot**. Accordingly, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, this Court finds that the petitioner has not made the requisite "substantial showing of the denial of a constitutional right " for a certificate of appealability; accordingly, this Court hereby **DENIES** a certificate of appealability to the extent that the petitioner might seek one from this Court. See 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 30, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

3