IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                    **CRIMINAL ACTION NO. 3:00-CR-6-1**
                                      **CRIMINAL ACTION NO. 3:00-CR-46**
                                      **(BAILEY)**

**ANDREW JACKSON,**

    Defendant.

## ORDER DENYING DEFENDANT'S "PETITION FOR DISCOVERY OF VOIR DIRE EXAMINATION HABEAS CORPUS § 121 EVIDENTIARY HEARING"

The above-styled matter is now before this Court for consideration of the Petitioner's Motion/ "Petition for Discovery of Voir Dire Examination Habeas Corpus § 121 Evidentiary Hearing" [Doc. 639; Doc. 282].[1] For the reasons set forth below, Petitioner's Motion should be **DENIED**.

Petitioner Andrew Jackson is currently incarcerated at USP Tucson, where he is serving a term of life imprisonment following his 2002 trial by jury and conviction: engaging in a continuing criminal enterprise, 21 U.S.C. § 848; killing in furtherance of a continuing criminal enterprise, *id.* at § 848(e)(1)(A); carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1); and four counts of distribution of crack cocaine, 21 U.S.C. § 841(a)(1). Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed by per curiam opinion on March 15, 2004. *See* ***United States v. West***, 90 Fed. Appx. 683 (4th Cir. 2004). The Supreme Court of the United

---

[1] Hereafter, documents filed in 3:00-CR-6-1 will be listed first, while documents in 3:00-CR-46 will be listed second.

States denied petitioner a writ of certiorari on October 4, 2004. *United States v. West*, 543 U.S. 888 (2004). In the time since, Petitioner has filed a number of Habeas Corpus petitions for post-conviction relief and/or requests for documentation as part of those appeals both in this Court and in the District of Arizona.

On October 11, 2005, Petitioner filed a Motion to Vacate Sentence [Doc. 475] pursuant to 28 U.S.C. § 2255, which this Court dismissed with prejudice on May 29, 2008 [Doc. 513; Doc. 157]. Petitioner then filed a Motion for Reconsideration [Doc. 517], which this Court denied on July 2, 2008 [Doc. 519; Doc. 162]. Petitioner appealed this Court's dismissal of his § 2255 petition on September 22, 2008 [Doc. 524; Doc. 167]. The Fourth Circuit dismissed petitioner's appeal on August 31, 2010. See *United States v. Jackson*, 393 Fed. Appx. 129 (4th Cir. 2010).

Petitioner filed a second Motion to Vacate [Doc. 600; Doc. 245] in this Court, pursuant to 28 U.S.C. § 2255, on March 4, 2013. Because the second Motion was both untimely and unauthorized, see 28 U.S.C. § 2244(b), on April 30, 2013, this Court denied and dismissed the second Motion with prejudice [Doc. 612; Doc. 253]. Petitioner then filed a 28 U.S.C. § 2244 motion in the Fourth Circuit, requesting an order authorizing this Court to consider a second § 2255 petition for relief [Doc. 614; Doc. 255]. On October 17, 2013, the Fourth Circuit denied petitioner's § 2244 motion [Doc. 615; Doc. 256].

Petitioner next filed a Motion Requesting Indictment Transcripts [Doc. 616; Doc. 257], which this Court denied on November 7, 2013, as petitioner failed to demonstrate an adequate need for the requested documents [Doc. 618; Doc. 259]. Then, on December 13, 2013, Petitioner filed yet another motion, again requesting grand jury transcripts [Doc. 621], which this Court denied because he failed to show any proper purpose for such

sensitive material. [Doc. 623; Doc. 263].

Last year, on September 29, 2014, Petitioner filed a motion, which was styled as a Freedom of Information Act Request, where he again requested grand jury transcripts and other documents, including personnel information of a law enforcement officer. In denying the motion, this Court held that, "Defendant's statement of need for this sensitive material falls vastly short of requisite showing that the material sought 'is needed to avoid a possible injustice in another judicial proceeding . . . .'" (citing **United States v. Campbell**, 324 F.3d 497, 499 (7th Cir. 2003) (citations omitted)) [Doc. 627; Doc. 267]. Petitioner then, again, filed for relief under 28 U.S.C. § 2244 motion in the Fourth Circuit, requesting an order authorizing this Court to consider a second § 2255 petition for relief, which was denied [Doc. 638; Doc. 281].

This Court has also learned that Petitioner filed a number of Habeas Corpus petitions with the United States District Court for the District of Arizona ("D. Ariz."). First, Petitioner filed for relief under 28 U.S.C. § 2241 on February 22, 2012 [D. Ariz., 4:12-cv-116, Doc. 1]. That petition was denied on April 11, 2012 [Id. at Doc. 4], and the denial was affirmed by the United States Court of Appeals for the Ninth Circuit on April 24, 2012 [Id. at Doc. 7] and Petitioner was denied a certificate of appealability on August 27, 2012 [Id. at Doc. 8]. He then filed another petition for relief under § 2241 on December 19, 2013 [D. Ariz., 4:13-cv-2345, Doc. 1]. Clerk's judgment was entered against him in that matter on April 21, 2014 [Id. at Doc. 9]. Recently, on September 21, 2015, Petitioner filed again for Habeas Corpus relief pursuant to § 2241 [D. Ariz., 4:15-cv-448, Doc. 1].

And so it is that we arrive at the instant motion; here, Petitioner requests that this Court "discloses Voir Dire Cross examination of petit juror's prior to jury trial proceeding's

(sic)" [Doc. 639; Doc. 282]. In support of thereof, Defendant contends that:

> "Prior to selection of petit jury during cross examination of Voir Dire one juror admitted being 'klansmen', a klansmen is a member of an 'racial group known as the Knights of Columbus KKK', the petitioner is a african american, 2 each other juror's testified that they did not care for black's, one petit juror 'college student' african american was striked from the petit jury selection (sic)." [Id. at 2].

Petitioner also inexplicably cites both *Williams v. Taylor*, 529 U.S. 420 (2000) and *Brady v. Maryland*, 373 U.S. 83 (1963). This Court notes that Petitioner's citation of *Brady* is misplaced, as neither the holding nor the reasoning of that case relate to any of Petitioner's claims related to statements made by potential jurors during voir dire.

Petitioner's request must be denied. While Petitioner correctly notes that the plaintiff in *Williams* had raised a sufficient evidentiary basis to obtain a hearing by showing that a prospective juror lied during the voir dire process, the factual circumstances significantly differ in his case. First, accepting Petitioner's contention that one of the jurors in his case admitted to being a "'klansmen', a klansmen is a member of . . . the **Knights of Columbus** (emphasis added)," that does not entitle him to the relief that he seeks. The Knights of Columbus is a "Catholic fraternal benefit organization," where "fellowship is promoted among members and their families through educational, charitable, religious, social welfare, war relief and public relief works," and is not a racially-motivated hate group as Petitioner contends. *See* Knights of Columbus, About Us (October 8, 2015), http://www.kofc.org/un/en/about/index.html. That said, this Court has carefully examined the transcript and has not been able to find any reference to the Knights of Columbus therein. As such, Petitioner's claim to that effect is without merit.

This Court has also examined the voir dire transcripts to determine whether, as Petitioner contends, other instances of racial bias were inappropriately dealt with by the

Court in his jury trial. First, juror Perkins was questioned as to whether she would not be fair and impartial during the trial as she had been a victim of a crime by an African-American [Doc. 434; Doc. 116 at 78-84]. When that juror responded that she could be fair and impartial, the Court did not strike her for cause. Next, juror Gimmel indicated that she had some drug related transgressions and may harbored racial biases [Id. at 99-102], and was struck for those causes by the Court. Then, when Juror Lewis indicated that he could not be fair and impartial towards African-Americans, he too was dismissed for cause [Id. at 107-111]. Juror Twigg was also struck for cause, but not because he had problems with African-Americans (even though that was potentially an issue before he was questioned) [Id. 201-205]. Given that all of those jurors were struck for cause before his trial, this Court finds that Petitioner's complaints and his Motion is without merit.

For the reasons stated herein, Petitioner's Motion **[Doc. 639; Doc. 282]** should be and is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the defendant.

**DATED:** October 14, 2015



JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE